RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 1/8/15
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

JOSEPH CORNELL DELAY     DOCKET NO. 14-CV-3422; SEC. P

VERSUS     JUDGE DRELL

WARDEN     MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

*Pro se* Petitioner, Joseph Cornell Delay, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on December 8, 2014. [Doc. #1] Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP), incarcerated at the Federal Correctional Institution at Pollock, Louisiana. He challenges the computation of his sentence by the BOP.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Procedural Background*

Petitioner was arrested on April 12, 2012, by Clayton County Sheriff's Department on a Fugitive from Justice charge. He was transported to St. Charles Parish on May 6, 2012. A document submitted by Petitioner confirms that he was incarcerated in the Nelson Coleman Correctional Center from May 7, 2012, through May 21, 2013. [Doc. #1, p.24/51]

On May 10, 2012, Petitioner was indicted in the Eastern District of Louisiana, for being a felon in possession of a firearm

and for failing to register as a sex offender. The record reflects that he was in State custody at that time. [2:12-cr-00185, E.D.La., Doc. #1, 3]

On June 21, 2012, Petitioner's parole was revoked in a state court case number 10-1674, and he was sentenced to a one-year, twenty-nine day term of imprisonment with prior custody credit from May 6, 2012, through June 20, 2012. [Doc. #1-6, p.26]

On April 18, 2013, Petitioner was sentenced in the Eastern District of Louisiana to a sixty month term of imprisonment for Felon in Possession of a Firearm. The sentence was **specifically ordered to run "consecutively to the [petitioner's] imprisonment under 24th Judicial District Court Dkt. #10-1674."** [2:12-cr-00185, E.D.La., Doc. #49, p.2]

Petitioner's state term of imprisonment in #10-1674 terminated on May 21, 2013, at which time his federal sentence commenced. Petitioner received prior sentence credit against his federal sentence from April 12, 2012, through May 5, 2012.

*Law and Analysis*

Petitioner seeks credit against his federal sentence for the time in which he was incarcerated on the Louisiana State sentence. However, the federal judge clearly intended otherwise. As quoted above, the sentencing court stated that the federal sentence ws to run **"consecutively to the [petitioner's] imprisonment under 24th Judicial District Court Dkt. #10-1674."** [2:12-cr-00185, E.D.La.,

Doc. #49, p.2]  Even if the federal judge had been silent on the matter, the Fifth Circuit has declared that "well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively unless the district court specifically orders they run concurrently." Free v. Miles, 333 F.3d 550, 553 (5th Cir.2003) (per curiam) (emphasis added).

Additionally, Title 18 U.S.C. §3585 determines whether credit against that sentence must be granted for time spent in "official detention" before the sentence began. See Reno v. Koray, 515 U.S. 50, 55, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995). The statute provides, in relevant part, as follows:

> (b) Credit for prior custody — A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> **that has not been credited against another sentence.**

18 U.S.C. §3585 (emphasis added).

In this case, Petitioner was sentenced in state court #10-1674 on June 21, 2012, to one year and twenty-nine days. His state sentence was deemed completed on May 21, 2013. Thus, Petitioner received credit against that state sentence for the one year and twenty-nine days prior to May 21, 2013. Pursuant to 18 U.S.C.

§3585, Petitioner was not entitled to have that time credited toward his federal sentence, too. Petitioner was given federal pre-sentence custody for the time that was not credited toward the state sentence; specifically, he received prior sentence credit against his federal sentence from April 12, 2012, through May 5, 2012.

In this case, it is evident that the federal judge did not intend on the federal sentence running concurrent to the impending state sentence; the judge specifically stated it should run consecutive to the state sentence that was already imposed and was being served at the time. It is also clear from Plaintiff's exhibits that he received all the federal credit to which he was entitled by law.

*Conclusion*

Because Petitioner cannot show that his sentence violates the United States Constitution or federal law, he is not entitled to habeas relief under §2241. For the forgoing reasons, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED, with prejudice.**

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to

another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this 7th day of January, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE