U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL 26 2016

TONY R. MOORE CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOSEPH C. DELAY,<br>Petitioner | CIVIL ACTION NO. 1:14-CV-3422;<br>SECTION "P" |
| VERSUS | JUDGE TRIMBLE |
| T. G. WERLICH, ET AL<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Before the Court is a pro se petition for writ of habeas corpus filed by Joseph Cornell Delay pursuant to 28 U.S.C. § 2241. Although the petition was previously denied and dismissed (Doc. 7), on June 28, 2016, Petitioner filed a "Motion for Reconsideration of the Final Decision Denying 2241 Relief" (Doc. 15). On July 8, 2016, the District Judge referred the matter to the undersigned for a supplemental report and recommendation. (Doc. 17).

### Procedural History

Petitioner's § 2241 petition was filed on December 8, 2014, challenging the computation of his sentence by the Bureau of Prisons. (Doc. 1). The petition was denied and dismissed on March 10, 2015. (Doc. 7). Petitioner sought review in the United States Court of Appeals for the Fifth Circuit, and the judgment was affirmed on May 6, 2016. (Doc. 14).

On June 28, 2016, Petitioner filed a motion for reconsideration of this Court's judgment denying habeas relief. (Doc. 15). Petitioner contends that he obtained "new evidence" from the Louisiana Department of Corrections that shows his sentence was

terminated on July 9, 2012. (Doc. 15). In Petitioner's original petition, he submitted evidence stating that he was incarcerated at the Nelson Coleman Correctional Center in St. Charles Parish from May 7, 2012, through May 21, 2013. (Doc. 1, p. 24).

## Law and Analysis

Federal Rule of Civil Procedure 60(b) provides in relevant part that, on motion and just terms, a court may relieve a party from a final judgment, order, or proceeding for newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b).[1] Petitioner claims that he has newly discovered evidence in the form of a release date computation sheet from the Department of Corrections, dated May 13, 2013. (Doc. 15, p.7). However, Petitioner has not shown that this new evidence from 2013 could not, with reasonable diligence, have been discovered in time to move for a new trial under Rule 59(b).

Moreover, Rule 60(c) provides that a motion under Rule 60(b) on the grounds of newly discovered evidence must be made no more than a year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60. The judgment in Petitioner's case was entered on March 10, 2015. (Doc. 7). Petitioner's motion for relief from the judgment was not filed until over one year later, on June 28, 2016. Thus, Petitioner's motion is untimely.

---

[1] Rule 59(b) provides that a motion for a new trial must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59.

To the extent that Petitioner believes the BOP relied on inaccurate records stating that Petitioner was incarcerated until May 21, 2013, Petitioner may present his claim and the new evidence to the BOP for consideration.

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Petitioner's request for reconsideration of the Court's judgment be construed as a motion pursuant to Rule 60 and **DENIED** as untimely.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS

AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 26th day of July, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge